EDUARDO MARVEZ NICOLAY, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1004. Argued January 14, 1935.—Decided February 21, 1935.

*Dubón & Ochoteco* for petitioner. *Benjamin J. Horton, Attorney General,* and *T. Torres Pérez, Deputy Attorney General,* for the People of Puerto Rico, adverse party in the main proceeding.

MR. JUSTICE WOLF delivered the opinion of the court.

Eduardo Marvez Nicolay was the petitioner in an application for certiorari in this court. In pursuance of the application we issued an order and the original papers are duly before us. Therein it appears that, on the 28th of December 1934, the petitioner appeared before the district court and presented the following petition:

"IN THE DISTRICT COURT FOR THE JUDICIAL DISTRICT OF SAN JUAN, P. R.

*Eduardo Marvez Nicolay,* Petitioner.

Civil No. 21616.—*Appointment of Guardian ad Litem.*

MOTION FOR APPROVAL OF DEED ON LIQUIDATION, PARTITION AND ALLOTMENT OF HEREDITARY PROPERTY.

"To THE HON. COURT:

"Now comes the petitioner, Eduardo Marvez, and through the undersigned attorney respectfully states:

"1. That Amparo Malea, married to Eduardo Marvez, died on February 4, 1934, in San Juan, P. R., leaving as her sole and universal heirs, besides her aforesaid widower, her legitimate children, issue of said marriage, to wit: José-Antonio, Eduardo-Guillermo, Flor de María, María-Carmen Olga and María de Lourdes Aida Marvez Malea, respectively 14, 12, 10, 9 and 6 years old, who are under the *patria potestas* and care of their aforesaid father in his domicile in San Juan, P. R., all of which appears from the decree for the declaration of heirship proceedings made on April 19, 1934, in civil case No. 20782 of this Hon. District Court of San Juan, P. R.

"2. That by an order dated September 21, 1934, made by this Hon. District Court in civil case No. 21616, Sofía Nicolay widow of Marvez

154

was appointed, in her capacity as paternal grandmother of the aforesaid minors, their guardian *ad litem* to represent them in all legal proceedings concerning the conjugal partnership between Eduardo Marvez and Amparo Malea and also the deed of partition, distribution, and allotment of the estate left by the latter at her death, with the express obligation, imposed on the said guardian *ad litem* and pursuant to the provisions of the Special Legal Proceedings Act, of submitting for the approval of this Hon. Court the deed of partition, distribution and allotment of the aforesaid estate.

"3. That the said Sofía Nicolay widow of Marvez, in her capacity as guardian *ad litem* of the aforesaid minors and together with the latter's father, petitioner Eduardo Marvez Nicolay, by deed executed before notary Félix Ochoteco Jr., on October 11, 1934, proceeded to liquidate, divide, and distribute the estate left at her death by Amparo Malea, copy of the aforesaid public deed being attached to the petition herein.

"4. That there appears from the said public instrument a true and correct statement of the property forming the said estate, its value, deductions to be made, different grants made to the several heirs in payment of their respective hereditary shares, the guardian *ad litem*, Sofía Nicolay widow of Marvez, making the enclosed certified copy of the deed a part of the present application, just as if the same were literally transcribed herein.

"By virtue of the foregoing, the petitioner herein prays this Hon. Court, after summoning the district attorney to appear if the court deems it proper, to approve the aforesaid deed No. 65, made before notary Félix Ochoteco Jr. on October 11, 1934, and therefore to order that the same be recorded in the proper registry of property, all according to law.

"San Juan, P. R., December 28, 1934."

■■ Evidently, if all the heirs of Doña Amparo Malea were adults, the partition of her estate could take place without the intervention of the court. As some of the heirs were minors, it was necessary to obtain a guardian *ad litem*. Therefore, the theory of the petitioner is that the application for the naming of a guardian *ad litem* ought to end the necessity of paying fees to the court. However, where there are minors the law requires not only the naming of a guardian *ad litem*, but that the partition deed should be also

approved by the court. When there are various heirs and some of them are minors not only are the minors interested in having the partition deed approved, but also the adults. The approval of the partition deed is the ultimate thing at which all the parties are aiming when any step is taken in court.

We can not agree with the petitioner that the issuance of the approval of the partition deed is an incident of the naming of a guardian *ad litem,* but quite the reverse. The naming of a guardian *ad litem* is an incident to the approval of the partition of the estate. As told in the petition of Eduardo Marvez Nicolay, copied *supra,* the secretary of the district court refused to record the partition deed, unless five dollars was paid for the initial proceeding looking to the approval of the partition deed and three dollars for the final judgment that should be rendered therein.

The Secretary of the District Court and the Judge thereof, who approved the action of the secretary, relied in part on the action of the Auditor of Puerto Rico and the opinion of the Attorney General in relation thereto. The Attorney General was of the opinion that, when in an estate several steps are necessary, e.g., a declaration of heirs, the naming of a guardian *ad litem,* and the approval of the partition deed, each was an independent proceeding and under the Act of March 11, 1915, section 2, required the payment of fees; that each step was complete in itself and required the secretary to ask for the payment of fees. The Attorney General cites jurisprudence to the effect that each one of the acts might be considered as a voluntary proceeding and we agree.

Let us take another example, namely, where there are several adult heirs and several minor heirs with different parents. Each of the minor heirs must obtain the appointment of the guardian *ad litem* and then it becomes a little more apparent that the approval of the partition deed is not an incident of the naming of a guardian *ad litem,* but that

all preliminary orders are measures to the final judgment, namely, the approval of the partition deed.

Likewise, on objection made, an issue might arise to be weighed by the court as to whether a particular person should be named guardian *ad litem* or which of several persons had a preference.

Therefore, the writ should be annulled.

Mr. Justice Aldrey took no part in the decision of this case.